**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| HOOMAN DAVOODI, an individual; ASAP LEGAL, LLC,<br><br>             Plaintiff,<br><br>      v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation,<br><br>             Defendant. | Case No. 2:25-cv-08898-FMO (PVCx)<br><br>**STIPULATED PROTECTIVE ORDER** |

1. INTRODUCTION

    1.1    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 1.2    GOOD CAUSE STATEMENT

Plaintiffs HOOMAN DAVOODI and ASAP LEGAL LLC's (collectively "Plaintiffs") operative First Amended Complaint asserts causes of action for breach of contract and Breach of the Implied Covenant of Good Faith and Fair ("Bad Faith") dealing arising from an automobile damage claim.  As it pertains to the Bad Faith claim, Plaintiff has made allegations that defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm") failed to properly investigate the subject claim and unreasonably filed to deem the vehicle a total loss.  Thus, discovery of various internal training, policies and procedures regarding State Farm's investigation and application of the relevant insurance policy will likely become necessary.

State Farm has developed certain claim-related processes for State Farm personnel as well as company specific training materials through its own research, effort and expense.  The research and development reflected in the policies, procedures and training materials is a form of intellectual property.  Specifically, its business unit has developed certain claim0related processes for its personnel compiled into written documents.  Should State Farm's competitors gain access to these materials without investing similar resources of time, money, and personnel to develop their own comparable materials it would give State farm's competitors insight into State Farm's management of its claims operations causing irreparable harm. Moreover, unlike many other insurance companies, State Farm specifically develops its own policies rather than using the standard Insurance Service Office Forms.  These materials are not offered for sale, made available for public use and

65030979.3
4893-37870

does not disseminate such information to the general public or competitors.

State Farm has made a concerted effort to protect these materials because they describe and assist in maintaining State Farm's position in the insurance industry as protected and are protected as confidential and/or trade secret information. As such, these materials require a protective order in order to prevent them from disclosure and use in any manner not specifically relate dot this particular litigation.

2.    DEFINITIONS

2.1    Action: *Hooman Davoodi, et al. v. State Farm General Insurance Company,* USDC- Central District of California, case no. 2:25-cv-08898

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel:  attorneys who are employees of a party to this Action.

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," including but not limited to printed documents, computer disks or other electronic media, information contained in documents or electronic media.

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material, including that included in interrogatory answers; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3)

STIPULATED PROTECTIVE ORDER (MODIFIED PVC VERSION 4/20)

65030979.3
4893-37870

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

any testimony, conversations, exhibits introduced at depositions, hearings, trial or presentations by witnesses, Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, terms, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

65030979.3
4893-37870

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

(b)  for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information  is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality no later than one hundred twenty (120) days after receipt of Protected Materials and consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

65030979.3
4893-37870

-7-

STIPULATED PROTECTIVE ORDER (MODIFIED PVC VERSION 4/20)

entitled under the Producing Party's designation until the Court rules on the challenge.

6.4    Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be assumed to be properly designated, and shall be subject to the terms of this Order.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action and will not, unless directed by an appropriate Court in an enforceable order, be made available, disclosed, or disseminated in any manner for any business or other purpose whatsoever.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Moreover, any person authorized to review Protected Material pursuant to this Order will not divulge the Protected Material either verbally or in writing, to any person or entity not otherwise authorized to receive the information under this Order unless directed to do so by an enforceable Court order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Prior to the disclosure of any Protected Material pursuant to this Order, the Receiving Party will first provide such person with a copy of this Order, shall explain its terms to such person, and shall require such person to execute the agreement attached as **Exhibit A** to this Order. With the exception of the process for expert witnesses or consultants outlined in section 7.2(c) below, counsel for the Receiving Party will also send a copy of the executed **Exhibit A** to counsel for the Designating Party

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

65030979.3
4893-37870

-8-

STIPULATED PROTECTIVE ORDER (MODIFIED PVC VERSION 4/20)

within thirteen (13) days of such third person's receipt of Protected Materials.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Counsel for Receiving Party will provide Designating Party with copies of the executed Exhibit A for any disclosed experts to whom Protective Material has or will be provided. The Receiving Party may retain the executed Exhibit A agreements for any non-disclosed consultants until Final Disposition of the case, and comply with the provisions of section 13 below FINAL DISPOSITION);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

65030979.3
4893-37870

"Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Marking Protected Material as "CONFIDENTIAL". All Protected Material shall be clearly and prominently marked on every single-page document, on at least the initial page or cover of a multi- page document (including deposition transcripts), in the name of an electronic file, and in a prominent location on the exterior of any tangible object, by overlaying language substantially similar to "Confidential Produced Pursuant to Protective Order" or "Confidential Trade Secret Produced Pursuant to Protective Order" on the text of the Protected Material as a footer to the document.

7.4    Disclosure of Protected Material at Deposition.

(a)    With the exception of current or former State Farm employees prior to the use of any Protected Material in the deposition of any witness, pursuant to section 7.2(h). above, counsel for the Receiving Party of such Protected Material shall first establish a foundation that sharing the Protected Material with the witness is reasonably necessary. If the Designating Party objects that such a foundation has not been established, then counsel may not show to the witness the document(s) containing the Protected Material and may not otherwise disclose the contents of such document(s) to the witness prior to obtaining a court order.

(b)    Prior to the use of any Protected Material in the deposition of any witness pursuant to section 7.2(h) subject to section 7.4(a), counsel for the Receiving Party of such Protected Material shall first provide each person in attendance at the deposition, with the exception of court reporter(s), videographers,

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

the Designating Party and its attorneys, with a copy of this Order, and shall require such persons to execute the agreement attached as **Exhibit A** to this Order.

(c)    If any document(s) designated as Protected Material is marked as a deposition exhibit and if testimony concerning Protected Material is elicited at a deposition, counsel for the Designating Party may designate a portion of the transcript to be treated as Protected Material.  Such a request shall be made by counsel before the close of the deposition by making a suitable designation in the record at the deposition. If such a request is made, such portion of the transcript shall be so treated and may only be filed under seal, if it is filed in the record, in compliance with Civil Local Rule 79-5.

(d)    If any document(s) designated as Protected Material is marked as an exhibit to the deposition of a witness pursuant to section 7.2(h) subject to section 7.4(a), the original transcript shall only be made available to the witness for reading, correcting, and signing at either the office(s) of the court reporter who transcribed the deposition or at the office(s) of any attorney who is a signatory to this Order. In the event the witness is physically unable to travel or resides out of state, a remote, monitored video review of the transcript can be arranged by either the court reporter or any attorney who is a signatory to this Protective Order.  No copy of the transcript shall be provided to the witness under any circumstance.

(e)    If any document(s) designated as containing Protected Material is marked as a deposition exhibit pursuant to section 7.2(h) subject to section 7.4(a), above, and/or if any portion of the transcript is designated by counsel for the Designating Party to be treated Protected Material, copies of the confidential portions of the deposition transcript may be disseminated to counsel for parties to this litigation only if said counsel has been provided a copy of this Order and has executed the agreement attached as Exhibit A to this Order.  Counsel for the Parties may not disseminate to their respective clients copies of any portions of deposition transcript(s), including exhibits, which have been designated as Protected Materials.

65030979.3
4893-37870

7.5    Testimony Concerning Protected Material. If testimony concerning Protected Material is elicited at a hearing or trial, counsel for the Designating Party may request that a designated portion of the transcript be treated as Protected Material. Such a request shall be made by counsel in a reasonable manner or by making a suitable designation in the record at the hearing, or trial. If such a request is made, such portion of the transcript shall be so treated and filed under seal, if it is filed in the record, in accordance with Civil Local Rule 79-5.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification will include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

WALSWORTH

515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

65030979.3
4893-37870

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

65030979.3
4893-37870

12.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5, particularly 79-5.2.2.

13.    FINAL DISPOSITION

Within 30 days of the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification executed under penalty of perjury to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material; and (3) that Receiving Party has confirmed the total number of **Exhibit A: Acknowledgment and Agreement to be Bound** they had executed during litigation and that all Protected Material provided pursuant to has been destroyed consistent with the provisions of this paragraph. Notwithstanding this provision, Counsel are entitled to retain one archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

65030979.3
4893-37870

15.   The Court shall retain jurisdiction after final termination of this litigation of this Action, as defined in paragraph 4, to resolve any dispute concerning the use of information disclosed pursuant to this Order and/or to enforce the provisions of Section 13.

GOOD CAUSE SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED.

DATED: April 17, 2026_____

HON. PEDRO V. CASTILLO
United States Magistrate Judge

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

65030979.3
4893-37870

-16-
STIPULATED PROTECTIVE ORDER (MODIFIED PVC VERSION 4/20)

WALSWORTH
515 S. FLOWER STREET, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2201
TEL (213) 489-4820 • FAX (213) 489-4015

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of Hooman Davoodi, et al. v. State Farm General Insurance Company, case no. 2:25-cv-08898-FMO(PVCx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

-17-
STIPULATED PROTECTIVE ORDER (MODIFIED PVC VERSION 4/20)

65030979.3
4893-37870